UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

BIODIAGNOSTIC LABS, INC.,

           Plaintiff,

-against-

EMBLEMHEALTH, INC.; and EMBLEMHEALTH PLAN, INC.,

           Defendants.

------------------------------------------------------------------- X

Case No: 23-cv-_____

**COMPLAINT**

**Jury Trial Demanded**

    Plaintiff, complaining of Defendants, by its attorneys, THE BERKMAN LAW OFFICE, LLC, alleges for its complaint, upon information and belief, as follows:

## THE PARTIES

    1.    At all times mentioned herein, Plaintiff, BIODIAGNOSTIC LABS, INC. ("BIODIAGNOSTIC") is a business corporation organized and existing under the laws of the State of New York, with its registered office and principal place of business located within the City and State of New York, County of Kings.

    2.    Plaintiff BIODIAGNOSTIC operates a medical testing laboratory providing medical testing services.

    3.    Upon information and belief, at all times relevant to this complaint, Defendant EMBLEMHEALTH, INC is a New York not-for-profit corporation with it is principal place of business located at 55 Water Street, New York, New York 10038.

4. Upon information and belief, at all times relevant to this complaint, Defendant EMBLEMHEALTH PLAN, INC.. is a New York not-for-profit corporation with it is principal place of business located at 55 Water Street, New York, New York 10038.

5. Upon information and belief, at all times relevant to this complaint, Defendants EMBLEMHEALTH, INC. and EMBLEMHEALTH PLAN, INC. do business under the name and style "Emblem Health Managed Care," "GHI" and "HIP."

6. Together these Defendants, and numerous other subsidiaries and affiliated wholly owned entities) operate a national health insurance business, among many other businesses.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, particularly The Coronavirus Aid, Relief, and Economic Security Act of 2020 ("CARES Act"), 116 P.L. 136, 2020 Enacted H.R. 748, 116 Enacted H.R. 748, 134 Stat. 281, 116 P.L. 136, 2020 Enacted H.R. 748, 116 Enacted H.R. 748, 134 Stat. 28.

8. This Court has jurisdiction over any state-law claims in this matter pursuant to 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over any defendant that is a non-domiciliary of New York pursuant to NY CPLR § 302(a)(1).

10. Venue is proper in this district as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## AS AND FOR A FIRST CLAIM FOR RELIEF

11. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

12.     Commencing in or about 2020 during the Coronavirus public health emergency, Plaintiff submitted to Defendants charges for COVID-19 tests, performed for persons insured by Defendants.

13.     The CARES Act provided in relevant part as follows:

SEC. 3202. PRICING OF DIAGNOSTIC TESTING.

(a) Reimbursement Rates.— A group health plan or a health insurance issuer providing coverage of items and services described in section 6001(a) of division F of the Families First Coronavirus Response Act (Public Law 116-127) with respect to an enrollee shall reimburse the provider of the diagnostic testing as follows:

> (1) If the health plan or issuer has a negotiated rate with such provider in effect before the public health emergency declared under section 319 of the Public Health Service Act (42 U.S.C. 247d), such negotiated rate shall apply throughout the period of such declaration.
>
> (2) *If the health plan or issuer does not have a negotiated rate with such provider, such plan or issuer shall reimburse the provider in an amount that equals the cash price for such service as listed by the provider on a public internet website*, or such plan or issuer may negotiate a rate with such provider for less than such cash price.

(b) Requirement to Publicize Cash Price for Diagnostic Testing for COVID-19.—

> (1) In general.— *During the emergency period declared under section 319 of the Public Health Service Act (42 U.S.C. 247d), each provider of a diagnostic test for COVID-19 shall make public the cash price for such test on a public internet website of such provider*.
>
> (2) Civil monetary penalties.— The Secretary of Health and Human Services may impose a civil monetary penalty on any provider of a diagnostic test for COVID-19 that is not in compliance with paragraph (1) and has not completed a corrective action plan to comply with the requirements of such paragraph, in an amount not to exceed $300 per day that the violation is ongoing.

CARES Act § 3202, 116 P.L. 136, 2020 Enacted H.R. 748, 116 Enacted H.R. 748, 134 Stat. 281. (Emphasis added).

14. At all times relevant to this complaint, Plaintiff had publicly posted the cash price of the diagnostic test for COVID-19 on its COVID-19 testing portal public internet website, https://www.bdl-covid.com/.

15. While Defendants paid some of the charges submitted by Plaintiff, Defendants failed to pay a substantial amount of the charges submitted, arbitrarily "allowing" some charges, disallowing others, and even then paying only a portion of even what was deemed "allowed," despite the fact that Plaintiff at all times billed at the rate posted on its public internet website.

16. As a result of the accumulated unpaid bills for testing services, an amount of approximately $700,000 remains outstanding from Defendants to BIODIAGNOSTIC.

17. Pursuant to NY CPLR § 5004, the above amounts accrue interest at the rate of nine percent (9%) from the dates of each invoice.

18. By reason of the foregoing, Plaintiff is entitled to recover the full extent of its damages, in the amounts pleaded above, plus interest and attorney fees to the extent permitted by law.

## AS AND FOR A SECOND CLAIM FOR RELIEF

19. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

20. Each person who received a test administered by Plaintiff is an insured under a health insurance policy issued by Defendants.

21. Plaintiff, as a medical service provider furnishing a medical service to patients insured by Defendants, is a third-party beneficiary of such health insurance policy.

22. By failing to pay Plaintiff's claim on behalf of its insured parties, Defendants are in breach of their obligations under their health insurance policies.

23. Defendants are therefore liable to Plaintiff for breach of contract in the amount described above.

24. Pursuant to NY CPLR § 5004, the above amounts accrue interest at the rate of nine percent (9%) from the dates of each invoice.

25. By reason of the foregoing, Plaintiff is entitled to recover the full extent of its damages, in the amounts pleaded above, plus interest and attorney fees to the extent permitted by law.

## AS AND FOR A THIRD CLAIM FOR RELIEF

26. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

27. Plaintiff BIODIAGNOSTIC has rendered a statement of account to Defendants for the amount due as pleaded above.

28. Defendant has not objected to the statement of account as rendered, despite the passage of sufficient time for them to do so.

29. Pursuant to CPLR § 5004, the above amounts accrue interest at the rate of nine percent (9%) from the dates of each invoice.

30. By reason of the foregoing, Plaintiff is entitled to recover the full extent of its damages, in the amount pleaded above, plus interest and attorney fees to the extent permitted by law.

**WHEREFORE**, the plaintiff demands judgment against Defendant in the amounts and for the relief requested herein, plus interest and attorney's fees to the extent permitted by law, plus the costs of this action.

Dated:   Brooklyn, New York
         December 31, 2023

                                         Yours,

                                         THE BERKMAN LAW OFFICE, LLC
                                         *Attorneys for Plaintiff*

                                         by: _____
                                                  Robert J. Tolchin

                                         829 East 15th Street, Box 7
                                         Brooklyn, New York 11230
                                         (718) 855-3627